1  Jan P. Weir, State Bar No. 106652
   jweir@sycr.com
2  Douglas Q. Hahn, State Bar No. 257559
   dhahn@sycr.com
3  Joseph J. Mellema, State Bar No. 248118
   jmellema@sycr.com
4  STRADLING YOCCA CARLSON & RAUTH
   660 Newport Center Drive, Suite 1600
5  Newport Beach, CA 92660-6422
   Tel: 949-725-4000
6
   Andrew G. DiNovo (will seek admission *pro hac vice*)
7  adinovo@dpelaw.com
   Adam G. Price (will seek admission *pro hac vice*)
8  aprice@dpelaw.com
   DINOVO PRICE ELLWANGER & HARDY LLP
9  7000 North MoPac Expressway, Suite 350
   Austin, TX 78731
10 Tel: 512-539-2626

11 Attorneys for Plaintiffs
   Preservation Technologies LLC

12

## UNITED STATES DISTRICT COURT

13

## CENTRAL DISTRICT OF CALIFORNIA

14

### SOUTHERN DIVISION

15

| | |
|---|---|
| PRESERVATION TECHNOLOGIES LLC, | CASE NO.: SACV12-00208 JVS (JPRx) |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| vs. | |
| AT&T, INC.; COX COMMUNICATIONS, INC.; TIME WARNER CABLE, INC., | **JURY DEMANDED** |
| Defendants. | |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2016159v1/102298-0007

Plaintiff Preservation Technologies LLC ("Preservation Technologies" or "Plaintiff") alleges as follows:

## THE PARTIES

1. Plaintiff Preservation Technologies is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 874 Walker Road, Suite C, Dover, Delaware 19904.

2. Upon information and belief, AT&T Inc. ("AT&T") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 208 S. Akard Street, Dallas, Texas 75202. AT&T can be served with process by serving its registered agent for service of process in the State of Delaware, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3. Upon information and belief, Cox Communications, Inc. ("Cox") is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 1400 Lake Hearn Dr., Mail Stop CP-12, Atlanta, Georgia 30319. Cox can be served with process by serving its registered agent for service of process in the State of Delaware, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

4. Upon information and belief, Time Warner Cable, Inc. ("Time Warner") is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 60 Columbus Circle, New York, New York 10023. Time Warner can be served with process by serving its registered agent for service of process in the State of Delaware, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

5. Collectively AT&T, Cox, and Time Warner are "Defendants."

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-

COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2016159v1/102298-0007

## JURISDICTION AND VENUE

6. This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction of the action under Title 28 U.S.C. §1331 and §1338(a).

7. Upon information and belief, personal jurisdiction by this Court over Defendants is proper based upon their residence within the State of California and this judicial district and also Defendants having regularly conducted business, including the acts complained of herein, within the State of California and this judicial district and/or deriving substantial revenue from goods and services provided to individuals in California and in this judicial district.

8. Venue properly lies in this district under the provisions of 28 U.S.C. § 1391 because Defendants resides in the district, because Defendants have purposely and repeatedly availed themselves of the privilege of doing business within the district, and because a substantial part of the events giving rise to the claims herein occurred in this district.

9. The Defendants are properly joined under the America Invents Act ("AIA") because the facts arise out of the same transaction or occurrence and there is commonality of facts. Moreover, Preservation Technologies is mindful of the guidance provided by the Court in a related case, Case 8:11-cv-01860-DOC-JPR, in which the Court issued a Consolidation Order on January 30, 2012 (Doc. #13), in which the Court consolidated related cases for pretrial coordination.

## THE PATENTS-IN-SUIT

10. On July 18, 2000, United States Patent No. 6,092,080 ("the '080 Patent") was duly and legally issued for a "Digital Library System." A true and correct copy of the '080 Patent is attached hereto as Exhibit "A."

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-
COMPLAINT FOR PATENT INFRINGEMENT
LITIOC/2016159v1/102298-0007

11.     On March 5, 2002, United States Patent No. 6,353,831 ("the '831 Patent") was duly and legally issued for a "Digital Library System." A true and correct copy of the '831 Patent is attached hereto as Exhibit "B."

12.     On March 6, 2001, United States Patent No. 6,199,060 ("the '060 Patent") was duly and legally issued for a "Method and Apparatus Management of Multimedia Assets." A true and correct copy of the '060 Patent is attached hereto as Exhibit "C."

13.     On February 22, 2001, United States Patent No. 6,477,537 ("the '537 Patent") was duly and legally issued for a "Method and Apparatus for Management of Multimedia Assets." A true and correct copy of the '537 Patent is attached hereto as Exhibit "D."

## BACKGROUND

14.     The USC Shoah Foundation developed the patented technology. Its impetus was to gather, catalog and make available for access thousands of video testimonies. In January 2006, the Survivors of the Shoah Visual History Foundation became part of the Dana and David Dornsife College of Letters, Arts and Sciences at the University of Southern California in Los Angeles, where the testimonies in the Visual History Archive are preserved.

15.     Preservation Technologies has all substantial rights and interest to the Patents-in-Suit, including all rights to recover for all past and future infringements thereof.

## DEFENDANTS' ACTS

**AT&T**

16.     AT&T manufactures, provides, sells, offers for sale, and/or distributes infringing systems. The infringing AT&T systems and methods include, but are not limited to, systems and methods relating to the cataloguing, organizing,

searching, rating, and provisioning of digital multimedia data, including but not limited to U-Verse cable and online video services, and related products. AT&T provides related services, specifications, and instructions for the installation and operation of such systems to its customers.

**Cox**

17. Cox manufactures, provides, sells, offers for sale, and/or distributes infringing systems. The infringing Cox systems and methods include, but are not limited to, systems and methods relating to the cataloguing, organizing, searching, rating, and provisioning of digital multimedia data, including but not limited to Cox's cable and online video services, and related products. Cox provides related services, specifications, and instructions for the installation and operation of such systems to its customers.

**Time Warner**

18. Time Warner manufactures, provides, sells, offers for sale, and/or distributes infringing systems. The infringing Time Warner systems and methods include, but are not limited to, systems and methods relating to the cataloguing, organizing, searching, rating, and provisioning of digital multimedia data, including but not limited to Time Warner's cable and online video services, and related products. Time Warner provides related services, specifications, and instructions for the installation and operation of such systems to its customers.

## COUNT ONE

*(Direct and indirect infringement of United States Patent No. 6,092,080)*

19. Plaintiff repeats and re-alleges the allegations in paragraphs 1-18 as if set forth in their entirety herein.

20. Preservation Technologies is the owner of all substantial rights and interest to the '080 Patent with the exclusive right to enforce such patent against

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-

COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2016159v1/102298-0007

infringers, and collect damages for all relevant times, including the right to prosecute this action.

21. Upon information and belief, Defendants AT&T, Cox, and Time Warner, without permission of Preservation Technologies, have been and are presently infringing the '080 Patent, as infringement is defined by 35 U.S.C. § 271(a), including though making, using, selling, or offering for sale, and importing methods and articles infringing one or more claims of the '080 Patent. Defendants AT&T, Cox, and Time Warner are thus liable for direct infringement of the '080 Patent pursuant to 35 U.S.C. § 271(a).

22. Upon information and belief, at least since the filing of this Complaint, Defendants AT&T, Cox, and Time Warner, without the permission of Preservation Technologies, have been and are presently indirectly infringing the '080 Patent, including actively inducing infringement of the '080 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '080 Patent under 35 U.S.C. § 271(c). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use infringing articles and methods that Defendants AT&T, Cox, and Time Warner knew or should have known infringe one or more claims of the '080 Patent.

23. As a result of Defendants AT&T's, Cox's, and Time Warner's infringement of the '080 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

24. Upon information and belief, AT&T's, Cox's, and Time Warner's infringing conduct will continue unless enjoined by this Court.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-

COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2016159v1/102298-0007

## COUNT TWO

*(Direct and indirect infringement of United States Patent No. 6,353,831)*

25. Plaintiff repeats and re-alleges the allegations in paragraphs 1-18 as if set forth in their entirety herein.

26. Preservation Technologies is the owner of all substantial rights and interest to the '831 Patent with the exclusive right to enforce such patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

27. Upon information and belief, Defendants AT&T, Cox, and Time Warner, without permission of Preservation Technologies, have been and are presently infringing the '831 Patent, as infringement is defined by 35 U.S.C. § 271(a), including though making, using, selling, or offering for sale, and importing methods and articles infringing one or more claims of the '831 Patent. Defendants AT&T, Cox, and Time Warner are thus liable for direct infringement of the '831 Patent pursuant to 35 U.S.C. § 271(a).

28. Upon information and belief, at least since the filing of this Complaint, Defendants AT&T, Cox, and Time Warner, without the permission of Preservation Technologies, have been and are presently indirectly infringing the '831 Patent, including actively inducing infringement of the '831 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '831 Patent under 35 U.S.C. § 271(c). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use infringing articles and methods that AT&T, Cox, and Time Warner knew or should have known infringe one or more claims of the '831 Patent.

29. As a result of Defendants AT&T's, Cox's, and Time Warner's infringement of the '831 Patent, Preservation Technologies has suffered monetary

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-

COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2016159v1/102298-0007

damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

30. Upon information and belief, AT&T's, Cox's, and Time Warner's infringing conduct will continue unless enjoined by this Court.

## COUNT THREE

*(Direct and indirect infringement of United States Patent No. 6,199,060)*

31. Plaintiff repeats and re-alleges the allegations in paragraphs 1-18 as if set forth in their entirety herein.

32. Preservation Technologies is the owner of all substantial rights and interest to the '060 Patent with the exclusive right to enforce such patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

33. Upon information and belief, Defendants AT&T, Cox, and Time Warner without permission of Preservation Technologies, have been and are presently infringing the '060 Patent, as infringement is defined by 35 U.S.C. § 271(a), including though making, using, selling, or offering for sale, and importing methods and articles infringing one or more claims of the '060 Patent. Defendants AT&T, Cox, and Time Warner are thus liable for direct infringement of the '060 Patent pursuant to 35 U.S.C. § 271(a).

34. Upon information and belief, at least since the filing of this Complaint, Defendants AT&T, Cox, and Time Warner without the permission of Preservation Technologies, have been and are presently indirectly infringing the '060 Patent, including actively inducing infringement of the '060 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '060 Patent under 35 U.S.C. § 271(c). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use infringing

Stradling Yocca
Carlson & Rauth
Lawyers
Newport Beach

-7-

COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2016159v1/102298-0007

articles and methods that Defendants AT&T, Cox, and Time Warner knew or should have known infringe one or more claims of the '060 Patent.

35. As a result of Defendants AT&T's, Cox's, and Time Warner's infringement of the '060 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

36. Upon information and belief, AT&T's, Cox's, and Time Warner's infringing conduct will continue unless enjoined by this Court.

## COUNT FOUR

*(Direct and indirect infringement of United States Patent No. 6,477,537)*

37. Plaintiff repeats and re-alleges the allegations in paragraphs 1-18 as if set forth in their entirety herein.

38. Preservation Technologies is the owner of all substantial rights and interest to the '537 Patent with the exclusive right to enforce such patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

39. Upon information and belief, Defendants AT&T, Cox, and Time Warner without permission of Preservation Technologies, have been and are presently infringing the '537 Patent, as infringement is defined by 35 U.S.C. § 271(a), including though making, using, selling, or offering for sale, and importing methods and articles infringing one or more claims of the '537 Patent. Defendants AT&T, Cox, and Time Warner are thus liable for direct infringement of the '537 Patent pursuant to 35 U.S.C. § 271(a).

40. Upon information and belief, at least since the filing of this Complaint, Defendants AT&T, Cox, and Time Warner without the permission of Preservation Technologies, have been and are presently indirectly infringing the '537 Patent, including actively inducing infringement of the '537 Patent under 35

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-

COMPLAINT FOR PATENT INFRINGEMENT

LITIOC/2016159v1/102298-0007

U.S.C. § 271(b) and contributing to infringement of the '537 Patent under 35 U.S.C. § 271(c). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use infringing articles and methods that Defendants AT&T, Cox, and Time Warner knew or should have known infringe one or more claims of the '537 Patent.

41. As a result of Defendants AT&T's, Cox's, and Time Warner's infringement of the '537 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty. Upon information and belief, AT&T's, Cox's, and Time Warner's infringing conduct will continue unless enjoined by this Court.

## JURY DEMAND

Plaintiff Preservation Technologies hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Preservation Technologies respectfully requests that the Court:

A. Permanently enjoin each Defendant, its agents, servants, and employees, and all those in privity with each Defendant or in active concert and participation with any of the Defendants, from engaging in acts of infringement of the Patents-in-Suit;

B. Award Plaintiff Preservation Technologies past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendants of the Patents-in-Suit in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

1  C. Declare this case exceptional pursuant to 35 U.S.C. § 285; and

2  D. Award Plaintiff Preservation Technologies its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Respectfully submitted,

Dated: February 7, 2012

STRADLING YOCCA CARLSON & RAUTH

By: _____
Douglas Q. Hahn
Attorney for Plaintiffs
Preservation Technologies LLC